UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHSUETTS

C.A. NO. 03-12210-MEW

| | |
|---|---|
| JOHANZ X. SANTOS, ppa, DENISE COLON, DENISE COLON, Individually, JESUS SANTOS<br>Plaintiffs,<br><br>V.<br><br>BOB'S DISCOUNT FURNITURE; REGENT HOME DELIVERY; AGNALIZ ACOSTAS; RAUL SANTOS<br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### ANSWER BY AGNALIZ ACOSTAS AND RAUL SANTOS TO THE COMPLAINT WITH AFFIRMATIVE DEFENSES AND JURY TRIAL DEMAND

I.  <u>First Defense – Specific Admissions and Denials</u>

1. The defendants lack sufficient knowledge or information to admit or deny the allegations set forth in paragraph 1 of the complaint.

2. The defendants lack sufficient knowledge or information to admit or deny the allegations set forth in paragraph 2 of the complaint.

3. The defendants lack sufficient knowledge or information to admit or deny the allegations set forth in paragraph 3 of the complaint.

4. The defendants deny the allegations set forth in paragraph 4 of the complaint.

5. The defendants deny the allegations set forth in paragraph 5 of the complaint.

6. The defendants lack sufficient knowledge or information to admit or deny the allegations set forth in paragraph 6 of the complaint.

7. The defendants lack sufficient knowledge or information to admit or deny the allegations set forth in paragraph 7 of the complaint.

8. The defendants deny the allegations set forth in paragraph 8 of the complaint.

9. The defendants lack sufficient knowledge or information to admit or deny the allegations set forth in paragraph 9 of the complaint.

10. The defendants deny the allegations set forth in paragraph 10 of the complaint.

11. The defendants deny the allegations set forth in paragraph 11 of the complaint.

12. The defendants reallege and incorporate herein by reference their answers to paragraphs 1 through 11 of the complaint as if set forth herein in their entirety.

13. The defendants deny the allegations set forth in paragraph 13 of the complaint.

14. The defendants deny the allegations set forth in paragraph 14 of the complaint.

15. The defendants reallege and incorporate herein by reference their answers to paragraphs 1 through 14 of the complaint as if set forth herein in their entirety.

16. The defendants deny the allegations set forth in paragraph 16 of the complaint.

17. The defendants reallege and incorporate herein by reference their answers to paragraphs 1 through 16 of the complaint as if set forth herein in their entirety.

18. The defendants deny the allegations set forth in paragraph 18 of the complaint.

19. The defendants reallege and incorporate herein by reference their answers to paragraphs 1 through 18 of the complaint as if set forth herein in their entirety.

20. The defendants deny the allegations set forth in paragraph 20 of the complaint.

21. The defendants reallege and incorporate herein by reference their answers to paragraphs 1 through 20 of the complaint as if set forth herein in their entirety.

22. The defendants deny the allegations set forth in paragraph 20 of the complaint.

23. The defendants reallege and incorporate herein by reference their answers to paragraphs 1 through 22 of the complaint as if set forth herein in their entirety.

24. The defendants deny the allegations set forth in paragraph 24 of the complaint.

25. The defendants reallege and incorporate herein by reference their answers to paragraphs 1 through 24 of the complaint as if set forth herein in their entirety.

26. The defendants deny the allegations set forth in paragraph 26 of the complaint.

27. The defendants reallege and incorporate herein by reference their answers to paragraphs 1 through 26 of the complaint as if set forth herein in their entirety.

28. The defendants deny the allegations set forth in paragraph 26 of the complaint.

29. The defendants reallege and incorporate herein by reference their answers to paragraphs 1 through 28 of the complaint as if set forth herein in their entirety.

30. The defendants deny the allegations set forth in paragraph 30 of the complaint.

31. The defendants reallege and incorporate herein by reference their answers to paragraphs 1 through 30 of the complaint as if set forth herein in their entirety.

32. The defendants deny the allegations set forth in paragraph 32 of the complaint.

33. The defendants reallege and incorporate herein by reference their answers to paragraphs 1 through 32 of the complaint as if set forth herein in their entirety.

34. The defendants deny the allegations set forth in paragraph 34 of the complaint.

35. The defendants reallege and incorporate herein by reference their answers to paragraphs 1 through 34 of the complaint as if set forth herein in their entirety.

36. The defendants deny the allegations set forth in paragraph 36 of the complaint.

37. The defendants deny the allegations set forth in paragraph 37 of the complaint.

38. The defendants reallege and incorporate herein by reference their answers to paragraphs 1 through 37 of the complaint as if set forth herein in their entirety.

39. The defendants deny the allegations set forth in paragraph 39 of the complaint.

40. The defendants deny the allegations set forth in paragraph 40 of the complaint.

41. The defendants reallege and incorporate herein by reference their answers to paragraphs 1 through 40 of the complaint as if set forth herein in their entirety.

42. The defendants deny the allegations set forth in paragraph 42 of the complaint.

43. The defendants deny the allegations set forth in paragraph 43 of the complaint.

44. The defendants reallege and incorporate herein by reference their answers to paragraphs 1 through 43 of the complaint as if set forth herein in their entirety.

45. The defendants deny the allegations set forth in paragraph 45 of the complaint.

46. The defendants deny the allegations set forth in paragraph 46 of the complaint.

II. <u>Second Defense – Lack of Personal Jurisdiction</u>

The court lacks jurisdiction over the defendants, Agnaliz Acostas and Raul Santos, due to:

    a. defective process; and/or

    b. insufficient service of process.

III. <u>Third Defense – Failure to State a Claim</u>

The plaintiffs' complaint fails, in whole or in part, to state a claim upon which relief may be granted.

IV. <u>Fourth Defense – Acts of Third Parties</u>

The defendants state that if the plaintiffs sustained the injuries and damages alleged in the complaint, which the defendants specifically deny, such injuries and damages were caused by the acts of a third party over which the defendants were not responsible.

V.   Fifth Defense – Exemption from Tort Liability

The defendants are exempted from tort liability to the extent that the plaintiffs were entitled to collect any personal injury protection benefits arising out of the events alleged in the Complaint.

VI.   Sixth Defense – Intervening/Superceding Cause

The defendants state that if the plaintiffs sustained the injuries and damages as alleged in the complaint, which the defendants specifically deny, such injuries and damages were caused by an intervening and superceding act of a third person which the defendant did not and could not reasonably foresee.

VII.   Seventh Defense – Comparative Negligence

1. If the plaintiffs are entitled to recover against the defendants, Agnaliz Acostas and/or Raul Santos, any such recovery must be reduced in accordance with M.G.L. c. 231, § 85.

2. The plaintiffs' claims are barred by M.G.L. c. 231, § 85 insofar as their negligence exceeds any alleged negligence of the defendants, Agnaliz Acostas and/or Raul Santos.

## DEMAND FOR JURY TRIAL

The defendant demands a trial by jury on all issues pleaded or to be pleaded.

Respectfully submitted,
Agnaliz Acostas and Raul Santos,
By their attorney,

John D. Curran, Esq.
BBO #547069
Smith & Brink, P.C.
122 Quincy Shore Drive
Quincy, MA 02171
(617) 770-2214

Dated: 2/4/04

## CERTIFICATE OF SERVICE

I, John D. Curran, attorney for the defendants, Agnaliz Acostas and Raul Santos, do hereby certify that on this day I mailed a copy of the within Answer of the Defendant with Affirmative Defenses and Jury Trial Demand by first class mail, postage prepaid, to:

Edward M. Swartz, Esq.
David P. Angueira, Esq.
Swartz & Swartz
10 Marshall Street
Boston, MA  02108

Dated: 2/4/04

John D. Curran

-8-