UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No.
03-12210-LPC

JOHANZ SANTOS, ET AL.

Plaintiffs

v.

BOBíS DISCOUNT FURNITURE, ET AL.

Defendants

PROCEDURAL ORDER

June 7, 2004

COHEN, M.J.

After hearing, it is hereby ordered as follows:

1. The proposed scheduling order submitted by the parties at the hearing held on June 4, 2004, is hereby approved and adopted as an order of this court with the following modifications;

    (a) Counsel for the respective parties shall, on or before the close of business, Friday, June 18, 2004, file a letter with this court, in chambers, indicating the partyís position *vis a vis* consent to a trial

before this court consistent with the provisions of 28 U.S.C. ß 636(c) and Rule 4(c) of the Rules for United States Magistrate Judges in the United States District Court for the District of Massachusetts;[1]

(b) Counsel for the respective parties shall, on or before the close of business, Friday, June 18, 2004, file a pleading with this court indicating the position of the party *vis a vis* transfer of this case to the Western Section of this Court in Springfield;[2]

(c) All discovery, other than jurisdictional discovery, is hereby ordered stayed for a period of forty-five (45) days commencing June 4, 2004. To the extent that the defendants intend to file a motion to

---

[1] The letter should be addressed to the chambers of this court with the inscription ìPersonalî endorsed on the envelope. In that manner, if all parties do not consent, the positions of the respective parties will not be made known to the district judge to whom this case is assigned.

[2] Local Rule 40.1(d) provides in pertinent part:

(d) Western Section.

    (1) For purposes of assignment of cases to the Springfield session of the court, the following counties shall be known as the Western Section of the District of Massachusetts: Berkshire, Franklin, Hampden and Hampshire.

    (2) Civil cases shall be assigned to the Springfield session of the court and all pleadings and documents therein shall be filed at the clerk's office in Springfield if:

        (A) <u>All of the parties reside in the Western Section of the district</u>.

        (B) All of the parties reside in the Central and Western Sections and the plaintiff(s) reside(s) in the Western Section.

        (©) <u>The only parties residing in Massachusetts reside in the Western Section</u>. (Emphasis added).

On the basis of the current record before this court, it appears that transfer is required by virtue of either LR 40.1(d)(2)(A) or 40.1(d)(2)(©).

dismiss for want of subject matter jurisdiction - *i.e.*, for want of complete diversity, *see e.g.*, *Garcia Perez v. Santaella*, 364 F.3d 348 (2004)[3] - that motion to dismiss shall be filed on or before August 8, 2004.

                                              */s/ Kenneth P. Neiman*
                                              UNITED STATES MAGISTRATE JUDGE

---

[3] In this case, it might be that plaintiffs, who now reside in New Jersey, were still domiciled in Massachusetts (in the Greater Springfield area) at the time suit was filed. In *Garcia Perez*, the Court observed, *inter alia* (*Id.* at 350-351):

> The federal courts have jurisdiction over controversies arising between "citizens of different states," provided that the amount in controversy exceeds $75,000. 28 U.S.C. ß 1332(a)(1). Citizenship is determined by domicile, *Lundquist*, 946 F.2d at 10, which can be established by demonstrating that the individual is physically present in the state and has an intent to remain indefinitely, *Sun Printing & Publ'g Ass'n v. Edwards*, 194 U.S. 377, 383, 24 S.Ct. 696, 48 L.Ed. 1027 (1904); *Hawes v. Club Ecuestre El Comandante*, 598 F.2d 698, 701 (1st Cir.1979). Once challenged, the party invoking diversity jurisdiction must prove domicile by a preponderance of the evidence. *Bank One*, 964 F.2d at 50. <u>The key point of inquiry is whether diversity of citizenship existed at the time the suit was filed</u>; subsequent events may bear on the sincerity of a professed intention to remain but are not part of the primary calculus. *Hawes*, 598 F.2d at 700; *Miranda v. Miranda*, 686 F.Supp. 44, 47 (D.P.R.1988). (Emphasis added).