UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No.
03-12210-LPC

JOHANZ SANTOS, ET AL.

Plaintiffs

v.

BOB'S DISCOUNT FURNITURE, ET AL.

Defendants

ORDER

June 7, 2004

COHEN, M.J.

On June 7, 2004, after an initial scheduling conference, this court, observing that one or more of the parties to this action reside in the Western Division, and that none of the parties resided in the Eastern Division (*i.e.* Boston), entered a Procedural Order (# 12) which stated, in part:

> Counsel for the respective parties shall, on or before the close of business, Friday, June 18, 2004, file a pleading with this court indicating the position of the party vis a vis transfer of this case to the Western Section of this Court in Springfield;[.] (Emphasis added).

> None of the parties complied with this portion of the Procedural Order. They

shall do so on or before the close of business, Friday, July 16, 2004.  In the event that they fail to do so, this court will, consistent with the record facts and controlling Local Rules, order the matter transferred to the Western Division for further proceedings.[1]

So ordered.

_____
UNITED STATES MAGISTRATE JUDGE

---

[1]    Local Rule 40.1(d) provides in pertinent part:

(d)  Western Section.

    (1)  For purposes of assignment of cases to the Springfield session of the court, the following counties shall be known as the Western Section of the District of Massachusetts:  Berkshire, Franklin, Hampden and Hampshire.

    (2)  Civil cases shall be assigned to the Springfield session of the court and all pleadings and documents therein shall be filed at the clerk's office in Springfield if:

        (A)  <u>All of the parties reside in the Western Section of the district</u>.

        (B)  All of the parties reside in the Central and Western Sections and the plaintiff(s) reside(s) in the Western Section.

        (C)  <u>The only parties residing in Massachusetts reside in the Western Section</u>. (Emphasis added).

On the basis of the current record before this court, it appears that transfer is required by virtue of either LR 40.1(d)(2)(A) or 40.1(d)(2)(C).