UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JOHANZ X. SANTOS, et al.,            )
                Plaintiffs   )
                           )
                           )
      v.                           )  Civil Action No. 03-12210-MAP
                           )
                           )
BOB'S DISCOUNT FURNITURE, et al., )
                Defendants  )

MEMORANDUM AND ORDER WITH REGARD TO DEFENDANT
BOB'S DISCOUNT FURNITURE'S MOTION TO COMPEL (Document No. 36)
March 8, 2005

NEIMAN, U.S.M.J.

     Presently before the court is Bob's Discount Furniture ("Defendant")'s motion to compel the minor plaintiff, Johanz X. Santos ("Santos"), to appear for a deposition. Santos and his parents and co-plaintiffs, Denise Colon and Jesus Santos (together "Plaintiffs"), oppose the motion. In essence, Plaintiffs assert that, in light of other deposition testimony available to Defendant, there is no need to take the child's deposition, that, in any event, the child has no recollection of the accident, and that Plaintiffs do not intend to call him at trial. For the reasons which follow, the motion will be allowed.

     The underlying case involves an accident on March 30, 2002, in which Santos, then seven years of age, was struck by an automobile driven by defendant Raul Santos (no relation). Plaintiffs assert that Defendant's delivery truck was parked in a no parking zone in such a negligent and careless manner as to be a contributing cause of

the accident.

According to the Supreme Court:

> While no one would think of calling as a witness an infant of only two or three years old, there is no precise age which determines the question of competency. This depends on the capacity and intelligence of the child, his appreciation of the difference between truth and falsehood, as well as his duty to tell the former.

*Wheeler v. United States*, 159 U.S. 523, 524 (1895) (child five and a half years old called to testify in a murder trial in which the accused was sentenced to death). *See also Thompson v. British Airways*, Civil Action No. 87-3352, 1998 WL 93119, at *1 (D.D.C. Aug. 25, 1988) (allowing defendant to depose minors aged seven and four in civil action). Plaintiffs present no argument that Santos, now ten years old, is not competent to testify. *Cf.* Fed. R. Evid. 601 (presuming that "[e]very person is competent to be a witness" at trial).

To be sure, Plaintiffs argue (but do not affirm) that Santos has no memory of the accident. Still, he and his parents have asserted claims against Defendant and Defendant, in turn, has the right to depose him. Without commenting on the wisdom of that decision, the court will caution Defendant to "keep in mind the tender age of the child[ ]." *Thompson*, 1998 WL 93199, at *1. And, as in *Thompson*, the court does not hereby rule on the admissibility of Santos' testimony at trial or, for that matter, the viability of Defendant's comparative negligence defense.

For the reasons stated, Defendant's motion is ALLOWED.

IT IS SO ORDERED.

DATED: March 8, 2005

/s/ Kenneth P. Neiman

                KENNETH P. NEIMAN
                U.S. Magistrate Judge