UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

| | |
|---|---|
| JOHANZ X. SANTOS, ppa, DENISE COLON, Individually, JESUS SANTOS,<br>    Plaintiffs | ) C.A. NO.: 03-cv-12210-KPN<br>)<br>)<br>) |
| VS. | )<br>) |
| BOB'S DISCOUNT FURNITURE, REGENT HOME DELIVERY, AGNILIZ ACOSTAS, RAUL SANTOS,<br>    Defendants | )<br>)<br>)<br>) |

## DEFENDANT, BOB'S DISCOUNT FURNITURE'S, MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

### FACTS

On March 30, 2002 at or about 27 Federal Street in Springfield, MA, the minor Plaintiff, then 8 years old, was playing baseball in the yard at 27 Federal Street. The minor Plaintiff chased a ball into the street, ran in front of a parked truck and was struck by a vehicle operated by Raul Santos. The box truck was operated by the Defendant, Bob's Discount Furniture, and was parked near a "no parking" sign.

### ARGUMENT

The purpose of summary judgment is to isolate and terminate before trial claims and defenses that are factually unsupported. Colotex Corp. v. Catrett, 477 U.S. 317, 323-4, 106 S. Ct. 2548, 2552-3, 91 L.Ed 2d 265 (1986). Its purpose is to evaluate the proof to determine whether a trial will serve any useful purpose. International Ass'n of Machinists v. Wendship Green Nursing Center, 103 F.3d 196, 206 (1st Cir. 1996).

A motion for summary judgment is to be granted if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits show that there is no issue of material fact and the moving party is entitled to judgment as a matter of law.  <u>Nebraska v. Wyoming</u>, 507 U.S. 584, 589, 113 S. Ct. 1689, 1694, 123 L.Ed. 2d 317 (1993).  A genuine issue of material fact exits where a reasonable jury could return a verdict in favor of the non-moving party.  <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248-252, 106 S.C. 2505, 2510-2512, 91 L.Ed. 2d 202 (1986).  The mere existence of an alleged factual dispute is not sufficient.  <u>Ayala-Gerena v. Bristol Meyers-Squibb Co.</u>, 95 F.3d 86, 94 (1st Cir. 1996).  A material fact is a fact that has the potential to affect the outcome of the suit.  <u>Vinick v. C.I.R.</u>, 110 F.3d 168 (1st Cir. 1997).  Whether a fact is material depends upon the substantive law at issue.  <u>Sanchez v. Alvarado</u>, 101 F. 3d 223, 227 (1st Cir. 1996).

It is the basic contention of this Defendant that the parking of the delivery truck on the street in front of 27 Federal Street and for the purpose of this motion, next to a no parking sign, is merely a condition and not a cause of the Plaintiff's accident.

The seminal case in this regard is <u>Falk v. Finkelman</u>, 268 Mass. 524, 168 N.E.69 (1929).  In that case the Defendant's automobile was parked on Shirley Street in Revere.  There was an ordinance in that city which prohibited the parking of automobiles on Shirley Street for more than 20 or after being told by a police officer to move.  A police officer told the Defendant to move his car more than 30 minutes before the accident occurred and for a considerable time more than 20 minutes.  A fire engine collided with the Defendant's parked car and pushed onto the sidewalk where it struck the Plaintiff.  The Court went on to hold:

> "Upon the facts disclosed by the record it is obvious the defendant's violation of the ordinance was not an effective and contributing cause of the injury unless in accordance with the usual experience of mankind the result of that violation of law ought to have been foreseen and apprehended.  One is bound to anticipate and provide

2

against what usually happens and what is likely to happen, but is not bound in like manner to guard against what is unusual and unlikely to happen, or what, as is sometimes said, is only remotely and slightly probable. . . . The defendant violated no legal duty owed the plaintiff.  The unlawful occupation of the street by the defendant's car was simply a condition and not a contributing cause of the accident.  The defendant's motion for a directed verdict should have been allowed."

A condition is a circumstance under which a cause operates.  It is not a cause.  Liability may not be predicated on a condition.  Monteiga v. Farnham, 5 Mass.App.Ct. 888, 369 N.E.2d 728 (1977).  Violation of a penal statute or valid ordinance, is evidence of negligence as to all consequences that were intended to be prevented.  The doctrine that violation of law is negligence, per se, does not prevail in Massachusetts.  Falvey v. Hamelburg, 347 Mass. 430, 198 N.E.2d 400.  But, evidence of such violation does not make out actionable negligence unless the violation is shown to be an actual proximate cause of the accident.  It may only be a circumstance or condition and not a cause.  Kralik v. LeClair, 315 Mass. 323, 52 N.E.2d 562 (1943).  What we cannot lose sight of in the instant case is that the Plaintiff's injuries were caused by him being hit by the Co-Defendant's motor vehicle and not by Bob's truck, that being a condition but not a cause of the Plaintiff's injuries.  Id.

To illustrate the difference between a condition and a cause when it comes to parked vehicle cases a comparison of Falk v. Finkelman, supra and Milbury v. Turner Center System, 274 Mass. 358, 174 N.E. 471 may be useful.  The latter case is set in Lynn.  Boston Street runs east and west.  Cedar Street enters from the north but not at right angles, and does not cross it.  The Defendant parked its truck, a box type vehicle, with its front end three to five feet beyond the easterly line of the sidewalk of Boston Street, three to five feet past the rounded curb, blocking off the cross-walk.  There is an ordinance in Lynn that provides "no owner or operator of any vehicle or street car shall stop or stand the same within the intersection of any street, nor within ten feet of a street corner."  The Plaintiff was a five year old boy who walked out in front

3

of the truck to meet his father who was on the other side of the street and was struck by another car. The driver of that vehicle was driving slowly, did not see the boy enter the street and did not know of the existence of Cedar Street for his view was obstructed by the truck.

The Court went on to compare how the facts in that case differ from the facts in the Falk case. The Court found that the parking of the car at the curb in the Falk case was an innocent act and allowing it to remain in forbiddance of the ordinance would subject the owner to punishment it has nothing to do with the collision and that the accident in that case was something only remotely and slightly possible.

On the other hand, the court found that the ordinance in that case was related directly to the safety of persons using and passing street corners and sought to them clear in order that those using either the sidewalk or to see an intersection on the traffic therein. The Court found that a parking in violation of the ordinance could be negligence for it was conduct of the very thing the ordinance sought to prevent. The Court also held that:

> "A collision might well be found to be not something unusual and unlikely to happen as a result of such blocking of a corner as here took place—something only remotely and slightly probable—but, rather, a consequence naturally to be expected." Id.

In the instant action, the Defendant merely parked temporarily in a no parking zone to make a delivery and while it may have caused a condition it certainly was not a cause. Foley v. Boston Consolidated Gas Co., 332 Mass. 572 (126 N.E.2d 370). Kelly v. Hathaway Bakeries, 312 Mass. 297, 44 N.E.2d 654 (1942).

Certainly violation of an ordinance is evidence of negligence but negligence does not operate in a vacuum. Legal consequences result from it only if the negligence is related to the harm. Negligence consisting in whole of violation of law, is without legal consequence unless it is a contributing factor. Falvey v. Hamelburg, 347 Mass. 430, 198 N.E.2d 400. This accident

4

would or could happen whether there was a no parking sign.  The mere existence of a no parking sign, without more, cannot turn the act of parking on a city street into the cause of the Plaintiff's injury.  Burke v. Durland, 312 Mass. 291, 44 N.E.2d 655 (1942).

In an analogous case the Court in Falvey v. Hamelburg, supra, was asked to deal with an automobile accident where the Defendant's vehicle was illegally registered and was being operated at the of the accident in violation of M.G.L. c. 90, §§ 2, 9.  In that case, the court held:

> "We fail to see any causal relation between the illegal registration and the accident.  It was merely an attendant circumstance or condition; it did not contribute to the accident.  Of course it might be argued that but for the violation of law the car would not have been on the road and hence would not have been involved in the accident.  But that can hardly be treated as a cause in the legal sense.  The accident could just as well have happened had the car been legally registered.  Questions of causation arising out of the violation of a penal statute are often questions of fact but they are such only where a finding of causal connection between the violation and the harm suffered is rationally permissible.  Where it is not, the question ceases to be one of fact.  Falk v. Finkelman, 268 Mass. 524, 527, 168 N.E. 89.  Bartoszewicz v. Farashian, 284 Mass. 200, 204-205, 187 N.E. 544.  Kelly v. Hathaway Bakeries, Inc., 312 Mass. 297, 299, 44 N.E.2d 654.  Kralik v. LeClair, 315 Mass. 323, 328 51 N.E.2d 562.  Lockling v. Wiswell, 318 Mass. 160, 165, 61 N.E.2d 15.  Deignan v. Lubarsky, 318 Mass. 661, 664, 63 N.E.2d 575.  That, we think, is the situation here.
>
> "We are not to be understood as condoning violations of the registration laws.  They are of importance in the proper administration of our motor vehicle laws.  For their violation criminal sanctions are provided.  But it is one thing to punish the offender and quite another to attach civil consequences to the violation in circumstances where under settled principles of tort law no liability exists." Id. 635-6.

Apply the above law to the present case we should come to the same conclusions.  The parking of the Defendant's truck next to a no parking sign was not a cause of the Plaintiff's accident. The accident could have happened if the vehicle was legally parked.  That being the case, it is not rationally permissible to find a causal connection between the violation and the harm and therefore there is no issue of fact.  It therefore naturally flows that there is no nexis between the violation and the injury that can predicate liability on this Defendant.

**CONCLUSION**

There being no issue of material fact, the Defendant is entitled to judgment as a matter of law.

THE DEFENDANT,
BOB'S DISCOUNT FURNITURE
By Its Attorney


/s/ Richard F. Faille
Richard F. Faille, Esquire
Law Offices of Donald E. Phillips
1414 Main Street, Suite 2200
Springfield, MA  01144
(413) 747-5170, BBO#:  157640
Fax No.:  (413) 739-0221
Richard.Faille@stpaultravelers.com
