THE JOHANZ X. SANTOS TRUST

WE, DENISE COLON and JESUS SANTOS, of Pennsauken, New Jersey (hereinafter called the "Settlors"), hereby transfer the property set forth in Schedule A attached hereto to DENISE COLON, of Pennsauken, New Jersey (hereinafter called the "Trustee"); and at the request of the Settlors, the Trustee agrees to hold the said property and all additions thereto, in trust, as follows:

FIRST:    This trust cannot be altered, amended, revoked, or terminated by the Settlors, and may be known as "THE JOHANZ X. SANTOS TRUST".

SECOND:    The trust property and income therefrom may be expended in whole or in part to, or for the benefit of Johanz X. Santos, child of the Settlors, from time to time, in such amount or amounts, as the Trustee in her uncontrolled discretion may determine, until the said child attains the age of twenty-one (21) years or dies, whichever first occurs. Notwithstanding the foregoing it is the Settlors' hope and expectation that the Trustee will accumulate trust income until such time as said income and principal may be expended for the education of said child. If the said child lives to attain the age of twenty-one (21) years, then when he attains that age, the Trustee shall pay the then remaining principal and undistributed income to the said child free and clear of any trust unless the said child directs otherwise.

If the said child dies before attaining the age of twenty-one (21) years, then on the death of the said child, the Trustee shall pay the then remaining principal and undistributed income to, or hold the same for the benefit of, such person or persons or the estate of the said child, in such amounts and proportions and for such estates and interests and outright or upon such terms, trusts, conditions and limitations as the said child shall appoint by his will; and if, or to the extent that, the said child does not effectively exercise his power to appoint by will, the Trustee shall pay the then remaining principal and undistributed income to the estate of the said child.

<u>THIRD</u>:   In extension and not in limitation of the powers given her by law or other provisions of this instrument, the Trustee hereunder shall have the following powers with respect to the trust established hereunder and the trust property, in each case to be exercised .from time to time in her discretion and without order or license of court:

(1) To retain indefinitely any investments and to invest and reinvest in stocks, shares and obligations of corporations, of unincorporated associations or trusts and of investment companies (all dividends which represent capital gains shall be added to principal), or in any other kind of personal or real property;

(2) To sell, to exchange, to lease and to make contracts concerning real or personal property, which leases and contracts may extend beyond the term of the trust; to give options therefor; to execute deeds, transfers, leases and other instruments of any kind;

(3) To hold bonds, shares or other securities in bearer form, or in the name of the Trustee or in the name of a nominee, without indication of any fiduciary capacity;

(4) To borrow money from the Settlors or any other person, to be used for the benefit of the said child upon such terms as the Trustee may determine;

(5) To deposit cash in a bank or banks in the name of the Trustee without any indication of her fiduciary capacity;

(6) To give general or special proxies or powers of attorney for voting or acting in respect of shares or securities, which may be discretionary and with power of substitution; to deposit shares or securities with, or transfer them to, protective committees or similar bodies; to join in any reorganization and to pay assessments or subscriptions called for in connection with shares or securities held by the Trustee;

(7) To employ investment counsel, custodians of trust property, brokers, agents and attorneys;

(8) To receive additions to the trust under this instrument by gift or will or otherwise from the Settlors or from any other

person, and to hold and administer the same under the provisions hereof;

(9) To make distributions in cash or in kind or partly in cash and partly in kind.

All powers given to the Trustee by this instrument are exercisable by the Trustee only in a fiduciary capacity. No power given to the Trustee hereunder shall be construed to enable the Settlors or any person to purchase, exchange, or otherwise deal with or dispose of the principal or income therefrom for less than an adequate consideration in money or money's worth; to permit the Settlors or any other contributor to the trust to borrow income or principal; or to authorize loans to a person other than the Settlors or any other contributor to the trust except on the basis of an adequate interest charge and with adequate security. The Trustee shall not use the income or principal of the trust to pay premiums on insurance on the lives of the Settlors.

FOURTH:   No bond shall be required of the original Trustee hereunder or of any successor trustee, or if a bond is required by law, no surety shall be required on such bond.

In the event that the said DENISE COLON does not become or ceases to act as Trustee hereunder, JESUS SANTOS, shall act as successor trustee.

If a further vacancy in the office of trustee occurs, an individual shall be appointed to fill such vacancy by an instrument in writing signed by the child if emancipated, otherwise by the legal guardian of said child.

The Trustee may resign at any time by an instrument in writing delivered to said child or the legal guardian of the said child.

References in this instrument to ~Trustee" shall be deemed to include not only the original trustee but also any successor trustee, and all powers and discretions vested in the Trustee shall be vested in and exercisable by any such successor trustee. A successor trustee shall not be liable for the acts of a prior trustee.

No one dealing with the Trustee need inquire concerning the validity of anything he purports to do, or need see to the application of any money paid or any property transferred to or upon the order of the Trustee.

<u>FIFTH</u>:   This is a Massachusetts trust, made in that Commonwealth and is to be governed and construed and administered according to its laws and shall continue to be so governed and construed and administered even though administered elsewhere within the united States or abroad.

<u>SIXTH</u>:   To the same effect as if it were the original, anyone may rely upon a copy certified by a notary public to be counterpart of this instrument (and of the writings, if any, endorsed thereon or attached thereto). Anyone may rely upon any statement of fact certified by anyone who appears from the original document or a certified copy to be a trustee hereunder.

IN WITNESS WHEREOF, DENISE COLON and JESUS SANTOS, as Settlors, have hereunto set their hands and seals, and DENISE COLON, in token of her acceptance of the trust hereby created, has hereunto set her hand and seal, all as of this _____day of _____ , 2005.

                Denise Colon, Settlor

                Jesus Santos, Settlor

                Denise Colon, Trustee

STATE OF NEW JERSEY

_____ , ss.                                         _____ , 2005

    Then personally appeared the above named Denise Colon and Jesus Santos who have proven to me through satisfactory evidence of identification to be the persons whose names are signed herein and acknowledged the foregoing instrument to be their free act and deed, before me

                              Notary Public

My Commission Expires:

Schedule of property delivered to DENISE COLON, Trustee of
THE JOHANZ X. SANTOS TRUST, dated _____, 2005.



                                              Received the above-described property


_____                    _____
Date                                      Denise Colon, Trustee